FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN 14 PM 4:04

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHAWN CHOPIN #19506** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-1370** |
| **BURL CAIN, WARDEN** | * | **SECTION: "N"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as time-barred**.

## I. PROCEDURAL HISTORY

Petitioner, Shawn Chopin, a prisoner currently incarcerated in the state penitentiary in Angola, Louisiana, was found guilty on July 28, 1999, of one count of

DATE OF MAILING  JAN 18 2005

DATE OF ENTRY
JAN 18 2005

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep___
___ Doc. No.___

possession with intent to distribute cocaine, a violation of La. R.S. 40:967 (A).[1] Chopin was originally sentenced, on August 9, 1999, to a term of fifteen years at hard labor. After a multiple bill hearing was held, however, Chopin's sentence was vacated and he was resentenced on February 1, 2000, as a triple offender, to life without benefit of parole, probation or suspension of sentence.[2]

Chopin's conviction and sentence were affirmed on appeal by the Louisiana Court of Appeal, Fifth Circuit on April 24, 2001.[3] A subsequent timely request for a writ of certiorari to the Louisiana Supreme Court was denied on April 19, 2002.[4] Chopin did not appeal this decision to the U.S. Supreme Court.

On October 21, 2002, Chopin filed his first state post-conviction application in the trial court, which was denied on October 30, 2002.[5] An untimely application for review of this decision was filed with the Louisiana Court of Appeal, Fifth Circuit on

---

[1] *See Jury Verdict Form* and *Transcript of Trial* at p. 164, both of which can be found in State Rec. vol. 1, *State v. Chopin*, 24th Judicial District Court, Parish of Jefferson, Case No. 99-1106, Section "G".

[2] See State Rec. vol. 1, Sentencing Transcripts for the August 9, 1999 sentencing and for the February 1, 2000 multiple bill.

[3] *State v. Chopin*, 793 So.2d 574 (00-KA-1752)(La. App. 5th Cir. 4/24/01)(unpublished opinion), a copy of which can be found in State Rec. vol. 2.

[4] *State v. Chopin*, 813 So.2d 419 (2001-KO-1502)(La. 4/19/02), a copy of which can be found in State Rec. vol. 2.

[5] A copy of the PCR application and the trial court's denial can be found in State Rec. vol. 2.

December 30, 2002, which was denied by that court on January 9, 2003.[6] On March 6, 2003, Chopin filed an untimely writ application with the Louisiana Supreme Court, which was denied on procedural grounds on March 12, 2004.[7]

On or about April 23, 2004, Chopin filed the instant federal *habeas* petition, pursuant to 28 U.S.C. §2254, urging this court to grant *habeas* relief on the ground that his attorney was ineffective during his habitual offender proceedings.[8] The State filed its response to the *habeas* petition on August 9, 2004. Therein, the State raises the defense of

---

[6] *See State ex rel. Chopin v. State*, (02-KH-1284)(La. App. 5th Cir. 1/9/03)(unpublished order). A copy of this denial can be found in State Rec. vol. 2.

[7] *State ex rel. Chopin v. State*, 869 So.2d 812 (2003-KH-0637)(La. 3/12/04). Specifically, the state's highest court found that Chopin was barred from bringing his application for post-conviction relief on the basis of La. C.Cr. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).

[8] *See* Federal Rec., doc. # 1. As the State notes in its response, determining an exact date of filing for petitioner Chopin is difficult. Normally, the filing date would be determined by applying the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his or her petition is presumed to be the date he or she delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). Chopin, however, failed to date his federal *habeas* petition. A review of the federal record in this case shows that the post-mark on Chopin's mailing envelope for his petition appears to be April 23, 2004. The petition was stamped as "tendered for filing" on April 26, 2004 but the pauper order which was attached was found deficient as Chopin had failed to sign it or have the form certified by prison officials. A copy of the pauper application was returned to Chopin, he signed and dated the application on May 6, 2004 and his application was returned to this court and stamped "filed" on June 9, 2004. As April 23, 2004 is the most beneficial date to petitioner, the court employs that date for purposes of determining whether the petition was timely filed in this court.

3

time bar and, alternatively, that the petition should be denied as procedurally defaulted or on the merits.[9] The State also filed a supplemental response in order to correct a calculation error made in its first response.[10]

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2004), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Chopin's conviction became final, for federal limitations purposes, 90 days after the April 19, 2002 ruling of the Louisiana Supreme Court denying certiorari, as that is the date when Chopin could no longer seek review of the highest state court's decision with the United States Supreme Court. *See* Sup. Ct. R 13(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S. Ct. 1834, 146 L. Ed.2d 777 (2000). Accordingly, the court finds that Chopin's one year limitation period commenced to run on July 18, 2002.

---

[9] Fed. Rec. doc # 5.

[10] Attached to the State's supplemental response is a copy of a recent ruling by the Louisiana Court of Appeal, Fifth Circuit, relative to petitioner's second post-conviction proceedings. The record shows that petitioner did file a second PCR with the trial court on June 22, 2004 which was denied on July 21, 2004. Chopin subsequently sought review of this decision by the state appellate court. Since these proceedings occurred subsequent to his federal filing and do not alter the court's finding that Chopin's federal petition is time-barred, the court need not address these filings further.

Under a plain reading of the statute, Chopin's habeas limitation period would expire one year later, on July 18, 2003.

Chopin did not file the instant action until April 23, 2004. Thus, his challenges to his 1999 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Chopin allowed 94 days of his one year limitations period to lapse before he filed his first state post-conviction application (PCR) on October 21, 2002.[11] The limitations period would thus be tolled from October 21, 2002 until the trial court denied petitioner's post-conviction relief request on October 30, 2002. Petitioner would then have 30 days under state law to file for review with the intermediate appellate court or until November 30, 2002.[12] In this case, however, Chopin filed an untimely request for review with the Louisiana Fifth Circuit, waiting until December 30, 2002 to file that application for writs. Therefore, the limitations period was only

---

[11] The total number of days between the July 18, 2002 date when Chopin's conviction was no longer subject to direct review and the date of the first state PCR filed on October 21, 2002 equals 94.

[12] Although the court's calculations indicate that Chopin had until November 29, 2002 to file for review with the state appellate court, the record indicates that the trial court gave petitioner until November 30, 2002 to file his appeal. Thus the court uses the November 30, 2002 date. *See* trial court Order dated 12/3/2002, State Rec. vol. 2.

suspended for the thirty days allowed by Louisiana Uniform Rules of Courts of Appeal 4-3, and the remaining twenty- nine days must be deducted from the limitations period. *See Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001). At this point, Chopin had 242 days left before his federal limitations period would expire.[13] Chopin next filed an untimely request for review of his post-conviction application to the Louisiana Supreme Court, filing the request on March 6, 2003 instead of by the state law deadline of February 10, 2003.[14] Having failed to comply with the state procedural rule, namely Louisiana Supreme Court Rule X, § 5(a), Chopin no longer had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" pending sufficient to toll the limitations period. See 28 U.S.C. §2244(d)(2); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000).[15] Therefore, Chopin's federal limitations period expired 242 days after February

---

[13] Adding the 94 days which previously lapsed to the 29 days when the application was no longer "pending" equals 123 days. Deducting 123 days from 365 yields 242 days remaining of the federal limitations period.

[14] Thirty days after the January 9, 2003 ruling of the Fifth Circuit would be February 8, 2003. Since that date was a Saturday, Chopin would have until Monday, February 10, 2003 to file his application for review to the Louisiana Supreme Court.

[15] Louisiana Supreme Court Rule X, § 5(a) sets a 30-day deadline for timely seeking review of a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs. Rule X, § 5(a) does not allow for any extension of this 30-day deadline. As explained in: *Williams*, 217 F.3d at 308, "Rule X, § 5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit." As Chopin allowed the time for seeking further review to expire, the plain language of 28 U.S.C. §2244(d)(1)(A) establishes that the AEDPA's one-year limitations period started to run on February 10, 2003 which is "the expiration of the time for seeking such review." *See Roberts v. Cockrell*, 319 F3d 690, 694 (5th Cir. 2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further review in the state court

10, 2003 or on October 10, 2003. Having waited until April 23, 2004, however, to file his federal *habeas* petition, Chopin is time-barred from federal review.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Although Chopin has not raised any grounds for equitable tolling, the court considers the only ground which the record could arguably support. In this instance, the record indicates that Chopin was represented by counsel during at least some of his post-conviction proceedings. To the extent that Chopin may try to argue that his attorney was ineffective in failing to file for post-conviction review in a timely fashion, such a claim for equity must be denied. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)( "[M]ere attorney error or

---

expires).

7

neglect is not an extraordinary circumstance such that equitable tolling is justified.") Moreover, the lapse in time which occurred as a result of the untimely filing of the application for post-conviction review before the Louisiana Supreme Court is attributable solely to petitioner as he filed that application *pro se*.[16]  Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Shawn Chopin for issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254 be **DENIED WITH PREJUDICE** as time-barred.[17]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 14th day of January, 2005.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[16]*See* copy of application to the Louisiana Supreme Court, Writ No. 03-KH-637, State Rec. vol. 2.

[17]Since the court determines that Chopin's federal *habeas* petition is untimely, the State's alternative arguments of procedural default and denial on the merits are not addressed.